UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

    - v. -

                                                12 Cr. 825 (JGK)

MARK HOTTON,

      Defendant.

-------------------------------------------------X


**<u>SENTENCING MEMORANDUM OF DEFENDANT MARK HOTTON</u>**




IRA D. LONDON
AVROM ROBIN
Attorneys for the Defendant
Mark Hotton
Law Offices of London & Robin
99 Park Avenue, Suite 1600
New York, NY 10016
(212) 683-8000
iradlondon@aol.com
avrom@mindspring.com


September 25, 2014

TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

PROCEDURAL BACKGROUND..........................................................................2

THE INDICTMENT...............................................................................................4

THE PLEA AGREEMENT.....................................................................................5

THE PRESENTENCE REPORT.............................................................................6

OBJECTIONS TO THE PRESENTENCE REPORT.............................................7

LEGAL ARGUMENT ON GUIDELINE CALCULATIONS.................................9

      1. Acceptance of responsibility..............................................................10
      2. The Court Should Honor the Plea Agreement....................................14

18 U.S.C. § 3553(a) FACTORS.............................................................................16

   1.  Nature and Circumstances of the Offense...........................................16
   2.  History and Characteristics of the Defendant.....................................18
   3.  Disparity..............................................................................................18
   4.  EDNY Pending Sentence.....................................................................19
   5.  Attempted Cooperation.......................................................................20
   6.  Charitable Work of Mark Hotton........................................................21
   7.  Medical and Addiction Issues.............................................................22
   8.  Effect of Incarceration on Mark Hotton and his Family.....................22
   9.  Evidence of Rehabilitation During Incarceration............................... 24

LETTERS IN SUPPORT OF MARK HOTTON ...................................................24

   1.  Family.................................................................................................24
   2.  Friends and Community Service...........................................................28
   3.  Mark Hotton's Letter to Your Honor..................................................30

DESIGNATION REQUEST...................................................................................31

CONCLUSION......................................................................................................32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,

   - v. -

                                       12 Cr. 825 (JGK)

MARK HOTTON,

   Defendant.

-----------------------------------------------------X

### SENTENCING MEMORANDUM OF DEFENDANT MARK HOTTON

-------------------------------------------------------------------------------------------------------------------

     Mark Hotton is scheduled for sentence on October 10, 2014. This sentence letter is written to give the Court background, information and argument in support of our request for a sentence of time served, the equivalent of a 27 month sentence. This letter also includes background and information from Mr. Hotton's case in the Eastern District, to the extent that it bears on this proceeding.

### INTRODUCTION

     Mark Hotton ("Mark") is a 48 year old married man, living in West Islip, New York with his wife and their four children. He was raised on Long Island and has resided there, in Queens, and in New Jersey his entire life.

Mark is a college graduate with a B.A. degree from Hofstra University. He has worked mostly in finance related businesses since the age of 28.

Mark is currently in custody at MDC Brooklyn. He will have been in custody just over 23 months as of the scheduled sentence date.

## PROCEDURAL BACKGROUND

On October 17, 2012, Mark Hotton was arrested and charged in this Southern District Indictment, ("SDNY") as a sole defendant.  He was brought over from the Eastern District where he was being detained on another Indictment, see below. Mark was ordered detained at his initial appearance in the SDNY on October 17.

Count One charges wire fraud in connection with Mr. Hotton's conduct in raising money for a projected Broadway play entitled "Rebecca."  Count Two charges wire fraud in connection with Mr. Hotton's conduct in a real estate funding scheme. The SDNY Indictment charges crimes between September 2011 and October 2012.

Two days before, on October 15, 2012, Mark Hotton was arrested and charged in an Eastern District Indictment, ("EDNY"), 12 CR 649, assigned to the Honorable Joanna Seybert. Mark was ordered detained at his arraignment/initial appearance in the EDNY. That two count Indictment charged Mr. Hotton, along with five others – including his wife, Sherri – with conspiracy to commit wire fraud, in connection with a false factoring scheme, and money

laundering conspiracy. The EDNY Indictment charges crimes between January 2008 and December 2010. Mr. Hotton had been ordered detained in the EDNY as well.

The crimes charged in the two districts are separate and distinct from each other, and occurred during different periods of time, at least as initially charged. The superseding Information in the EDNY, filed later, broadened out the period of time covered.

On June 5, 2013, a bail hearing in the SDNY case was held. Bail conditions were set by your Honor. However, Mr. Hotton was ordered to remain in custody until the conditions were met.

On July 29, 2013, Mark Hotton entered a guilty plea in the SDNY case to Counts One and Two of the Indictment, pursuant to a plea agreement.

On July 30, 2013, Mark Hotton entered a guilty plea in the EDNY case to Count One of the Superseding Information. That Information charged a conspiracy to launder money between January 1, 1995 and October 15, 2012. A plea agreement was also entered into in the EDNY.

On July 31, 2013, bail was set in the EDNY case, and after meeting the conditions set, Mark Hotton was released on both cases. He returned to his home in West Islip, New York. He had served about 11 months and two weeks in custody.

The Additional Conditions of release in the EDNY included home detention with electronic monitoring with the following conditions: leave for work, medical, legal or religious purposes on prior notice and permission of pre-trial.

On October 17, 2013, Mark Hotton was remanded in the EDNY, after Judge Seybert found he had violated the terms and conditions of his release. The violations included repeated instances of going to locations other than work or home (supermarkets, school to pick up his children, the Fire Island Ferry) without prior approval of pretrial. Mr. Hotton also changed employment without promptly notifying pretrial. Additionally, there was an email Mr. Hotton sent to an employer which Judge Seybert found threatening in nature.

Mark Hotton has served an additional 11 plus months in custody since that date.
He is presently scheduled for sentence in the EDNY on November 14, 2014.

## THE INDICTMENT

Count One of this Indictment charges that from January 2012 to September 2012 Mark Hotton defrauded the producers of a Broadway musical in development, "Rebecca," into paying him fees and other monies totaling about $65,000 by falsely promising to arrange and secure financing for the musical from what were, in fact, fictitious third parties.

4

Count Two of this Indictment charges that from September 2011 to October 2012 Mark Hotton defrauded a Connecticut based real estate company into paying him and entities controlled by him over $250,000 in fees for obtaining financing.

## THE PLEA AGREEMENT

Mark Hotton's plea agreement with the Government in the SDNY case, signed on July 19, 2013, is based on a guilty plea to Counts One and Two of the Indictment, each charging wire fraud in violation of 18 U.S.C. § 1343.

The plea agreement sets forth the following stipulated Offense Level:

1. The two counts are grouped together pursuant to U.S.S.G. § 3D1.2(d)

2. The base offense level pursuant to U.S.S.G. § 2B1.1(a) is:    +7

3. Loss amount over $400,000 but less than $1,000,000:    +14

4. Sophisticated means increase pursuant to U.S.S.G. § 2B1.1(b)(10):    +2

5. Acceptance of responsibility:    -3

6. Applicable offense level:    20

The Criminal History Category is I.

The Sentencing Range is 33 - 41 months.

The plea agreement also includes an agreement to a forfeiture of $500,000, as the aggregate the amount of proceeds obtained as a result of the wire fraud offenses charged in Counts One and Two. Mr. Hotton also agrees to make restitution in an amount of $500,000, as ordered by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664.[1]

## THE PRESENTENCE REPORT

The Probation Office in the SDNY guideline calculations are the same as the plea agreement, as set forth above, with the sole exception of the 3 points for acceptance of responsibility. The PSR argues that those 3 points should be denied based on Mr. Hotton's conduct while under pretrial supervision during the time he was released on bail.

Thus, the total offense level in the Presentence Report, revised on May 6, 2014 ("PSR") from the Probation Office in the SDNY for this case, dated February 10, 2014 is:        23

The PSR agrees with the plea agreement that Mr. Hotton is in Criminal History Category I. The PSR guideline range is 46 -57 months.

---

[1] Since that agreement was signed, the victim in Count Two stated through his attorneys that he does not seek restitution. A copy of that letter has been forwarded to the U.S. Attorney, U.S. Probation, and is attached as Exhibit A.

<u>OBJECTIONS TO THE PRESENTENCE REPORT</u>

Mr. Hotton's detailed written objections to the PSR were submitted to Probation on three dates: March 21, 2014, April 7, 2014, and July 1, 2014. Only the objections from the March 21 letter are reflected in the revised PSR dated May 6, 2014.

Mr. Hotton has withdrawn his written objections from the April 7, 2014 and July 1, 2014 letters in their entirety, by letter to the U.S. Probation office. See attached letter, Exhibit B.

Regarding the March 21, 2014 objections, which are noted in the PSR, please note the following additions or modifications:

<u>Additional Objections/Corrections</u>:

<u>Cover sheet</u>:

Sentence Date: October 10, 2014, not May 15, 2014.

<u>Release Status</u>:

The docket sheet for the EDNY case indicates that Mr. Hotton was remanded on October 17, 2013, not October 23, 2013, so this should be corrected. See, 12 Cr 649 (JS), EDNY, docket sheet entry 100.

<u>Related Cases</u>:

The EDNY case, 12 Cr 649 (JS) should be listed here, as the two cases are related, in that the bail conditions were the same in both districts.

Identifying Data:

Dependents: Mark Hotton has 4 children and his wife as dependents, not 0.

¶ 5.    Sentence date is October 10, 2014, not May 8, 2014.

¶6.     The objections noted in the PSR to this paragraph are withdrawn. Our revised and present position on the bail revocation is that although it impacted Mr. Hotton's release status in this case, the bail violations were litigated in the EDNY and objections to the allegations and the findings made by Judge Seybert are properly raised in that court, not here.

¶ 7.    Hotton was remanded by the Eastern District of New York on October 17, 2013, not October 23, 2013. See, docket sheet, 12 Cr 649 (JS), EDNY, docket sheet entry 100.

¶ 11.   Correction: last sentence should read "In fact he used," not "In fact b used".

¶ 15. The PSR states here, "Hotton pretended to have traveled overseas to meet with and woo the Hotton investors." However, at ¶ 44, the PSR states that Mr. Hotton did in fact travel to London, England, in April 2012, which is an accurate statement.

¶ 15 (a) and (b): The objections to these two sub paragraphs are withdrawn.

¶17.    The President of the Connecticut real estate company, through his attorney, has submitted a letter in which he withdraws his claim to restitution here. Thus, the restitution amount on this